B. BROWN, INC., Respondent, *v.* MARCEL OLIVIER and Another, Copartners Doing Business as OLIVIER & Co., Appellants.

First Department, May 1, 1925.

**Arbitration — contract for sale of goods to be imported provided that demand for arbitration should be made within twenty-eight days after arrival of vessel — goods were sold subject to compliance with United States government regulations — inspection by government in due course was not completed until twenty-eight days after arrival of goods — inability to comply with provisions as to arbitration did not bar buyer from pursuing remedy in courts for breach of contract — failure of buyer to demand arbitration within stipulated time does not bar action.**

An action by a buyer for breach of contract for the sale of goods to be imported is not barred by the fact that the buyer failed to demand arbitration within twenty-eight days after the goods arrived in this country as required by the terms of the contract of sale, where it appears that the goods were sold subject to government regulations and that the government inspection made in due course was not complete until twenty-eight days after the arrival of the goods in this country.

Under the circumstances which prevented the making of the demand in time, and in the absence of any expression of intent otherwise, it will be presumed that the parties intended that the buyer might invoke the usual remedies at law.

Furthermore, the failure of the buyer to demand arbitration within twenty-eight days will not bar his action, since the seller had the right to demand arbitration under the terms of the contract and both parties had signed the arbitration clause and negotiated for settlement.

APPEAL by the defendants, Marcel Olivier and another, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of New York on the 26th day of December, 1923, upon the decision of the court rendered after a trial and the rendition of a special verdict at the New York Trial Term, and also from an order entered in said clerk's office on the 20th day of December, 1923, directing judgment in favor of the plaintiff.

*Hunt, Hill & Betts* [*Reese D. Alsop* of counsel], for the appellants.

*David Ray Bernstein* of counsel [*I. Montefiore Levy* with him on the brief], for the respondent.

MARTIN, J.:

In this action the plaintiff seeks to recover damages for breach of contract made in London, Eng. It contained the following provisions:

" FORM OF CONTRACT FOR COST, FREIGHT AND INSURANCE.
(OR COST AND FREIGHT).

" MESSRS. B. BROWN, INCORPORATED
" 9 /10 Fenchurch Street
" LONDON, E. C. 3.                    12*th August*, 1919.

" DEAR SIR.— We have this day sold to you on terms and conditions herein stipulated the following goods, viz: About five (5) tons Prime Edible Chinese Dried Hen Egg Albumen, at five shillings and two pence (5/2) per lb. cost, freight and insurance, gross delivered weights, less shipping tares.    *    *    *

" To be shipped during the month of August and /or September, 1919, by steamer or steamers from China — London to New York direct.    *    *    *

" To be prime and guaranteed to comply with the U. S. Government regulations or if inferior a full allowance to be made. The same to be settled by arbitration, such arbitration to be demanded within 28 days, and held within six weeks after the arrival of the vessel.    *    *    *

" The name of the vessel or vessels, marks and full particulars will be declared to you in writing with due despatch.    *    *    *

"Any dispute arising out of this contract to be settled by arbitration in London in accordance with the conditions stipulated at back hereof.                    " Yours very truly,
                                   " OLIVIER & CO."

The answer sets forth a defense to the effect that plaintiff did not demand arbitration which, under the terms of the contract and the English law, it is alleged is a condition precedent to a recovery; and that as a result of the failure to demand arbitration plaintiff lost any right to recover it might otherwise have.

On the trial it was proved that payment in full had been made by plaintiff in reliance upon the merchandise conforming with contract requirements, such payment having been made before opportunity of inspection was afforded and prior to the time the albumen could be submitted to the United States government test; that the merchandise arrived at the port of New York on September 25, 1919; that as a result of tests made by the Board of Chemistry, Department of Agriculture, a determination was reached that it would not be admitted for food purposes because it was not in accordance with the requirements of the United States government, as provided by the agreement; that such report was made on October 21, 1919; and that the merchandise did not conform to the warranty.

It is conceded that notice of the action of the Department of

Agriculture, and a copy of the government report were given by plaintiff to defendants; that the information was received from the government department on the 22d or 23d of October, 1919, and immediate notification thereof given to the New York office of the defendants; that the same was communicated to their London office; that, apparently because of error in addressing, the cable to London was delayed in delivery until October 27, 1919. October 23, 1919, was the twenty-eighth day following the arrival of the vessel.

The correspondence between the parties indicates that the defendants recognized the breach of warranty, and that, during the latter part of October and the early part of November, they appeared disposed to settle the controversy. During that period no reference was made to the requirement of notice, within twenty-eight days, of a demand to arbitrate. Whether a return of the albumen would be accepted or an allowance either made or refused, depending upon the market conditions, or whether the merchandise would be disposed of by plaintiff, it to be compensated for the damage sustained, were the questions under consideration.

In the latter part of November it was suggested that defendants might choose to assume that the demand for arbitration was not made within twenty-eight days after the arrival of the steamer, and the arbitration completed within the six weeks period following the arrival of the steamer.

The defendants contracted to deliver albumen which would meet the Federal requirements. For a breach of this obligation, was it the intention that they should not respond in damages if, in regular course, the government report should be delayed beyond the period of twenty-eight days following the arrival of the ship or be so delayed as not to allow a fair opportunity for plaintiff to demand arbitration within the stated period? The provision for arbitration contemplated a situation which did not develop and did not contemplate the situation which did develop. It was inserted with a view to circumstances which the parties had in mind but which did not occur. It was not intended, in other circumstances, to bar plaintiff's recovery for defendants' breach on the ground of delay under conditions not permitting plaintiff to be charged with having delayed. It was thought that the twenty-eight-day period would afford plaintiff an opportunity to obtain the government report and act upon it. As things developed the government did not furnish the report in time for plaintiff to act on it. When it was furnished the time to demand arbitration had elapsed and it could no longer be demanded under the contract. In such a situation and in the absence of any expression of intent to provide against it, the natural and proper course is to ascribe

to the parties an intention that the buyer might invoke the usual remedies at law.

It should not be held that the exclusion of the merchandise by the government on the twenty-seventh or twenty-eighth day after arrival was intended to have the effect of bringing about a forfeiture of any right the plaintiff might have, in regular course, to be compensated for defendants' breach.

The contract provided that the merchandise should comply with the United States government regulations. Whether it did or not was to be ascertained by making the necessary tests; and they appear to have been promptly made.

If we were to entertain other views as to what was intended by the contract we would nevertheless be unable to agree with defendants. They contend that under the contract plaintiff was required to arbitrate, and having failed to demand arbitration within twenty-eight days after the receipt of the goods, the time to arbitrate has expired and an action is barred. With that view we do not agree.

The clause which provided for arbitration permitted either side to require it. Defendants did not demand an arbitration. Both parties ignored the arbitration clause and negotiated for an adjustment of their differences as if it were of no force or effect. Defendants are not seeking arbitration. They are asserting that the failure of plaintiff to demand it deprived plaintiff of its remedy for defendants' breach.

We think the judgment and order were correct and should be affirmed, with costs.

CLARKE, P. J., MERRELL, FINCH and BURR, JJ., concur.

Judgment and order affirmed, with costs.